ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

**IN THE UNITED STATES DISTRICT COURT**

2006 MAY 17 PM 4: 16

**FOR THE SOUTHERN DISTRICT OF GEORGIA**

CLERK _____
SO. DIST. OF GA.

**AUGUSTA DIVISION**

| | | |
|---|---|---|
| TYSON EUGENE MARSHEK, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV 106-22 |
| | ) | (CR 103-15) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Movant filed a motion to vacate, set aside, or correct his sentence under Title 28, United States Code, Section 2255. The government has filed its response to the motion, and movant has filed a reply to the government's response. For the reasons set forth below, the Court recommends that the Section 2255 motion be **DENIED**.

**I. BACKGROUND**

On June 3, 2003, movant entered a guilty plea to a charge of bank robbery under Title 18, United States Code, Section 2113(a). Under the plea agreement, movant agreed to waive his right to appeal certain issues and his right to file a post-conviction relief motion under Section 2255. The District Judge sentenced movant to seventy-two months in prison on August 21, 2003.

Movant appealed his sentence, and the Eleventh Circuit affirmed the conviction and sentence on May 12, 2005. United States v. Marshek, 116 Fed. Appx. 248 (11th Cir. 2004). The Supreme Court subsequently vacated the Eleventh Circuit's judgment and remanded the case for further consideration in light of its decision in United States v. Booker, 543 U.S. 220 (2005). United States v. Marshek, 136 Fed. Appx. 217 (11th Cir. 2005). The Eleventh Circuit again affirmed movant's sentence after applying the Booker standard, id., and the Supreme Court denied movant's application for writ of certiorari. Marshek v. United States, 126 S. Ct. 1072 (2006).

Movant filed the instant Section 2255 motion on January 30, 2006. In the motion, movant argues that his counsel performed ineffectively in failing to request a continuation of his sentencing hearing and for failing to argue on appeal that movant should not have received a sentence enhancement for his role in the offense. Movant also challenges his sentence under Booker, claiming that his constitutional rights were violated when he was sentenced under a mandatory Sentencing Guidelines scheme.

## II. DISCUSSION

### A. Plea Waiver

Movant's plea agreement provides that movant, "as a part of this agreement and in consideration for the government's promises hereunder, also expressively waives any and all rights to collateral post-conviction attack of the sentence imposed or the voluntariness, providence, or factual basis of the guilty plea entered pursuant to this agreement." CR 103-

15, doc. 51.  While the plea agreement preserves movant's right to appeal certain issues, it explicitly excludes any right to file a collateral attack concerning any issue.  Id.

At movant's sentencing hearing, the District Judge explained to movant that he was preserving his right under the plea agreement to appeal certain issues,[1] but that the waiver of collateral attack in his plea agreement "is, of course, final."  Though he had the opportunity, movant did not raise any objection to the terms of the plea agreement or to the District Judge's explanation of the terms of the plea agreement at that hearing, but he did raise concerns regarding the correctional facility to which he would be assigned.  CR 103-15, doc. 72 at 45-47.[2]

The Eleventh Circuit has held that waivers of appeal or post-conviction relief rights should be enforced when the district judge "specifically questioned the defendant about the waiver during the plea colloquy" or, in the alternative, when "the record clearly shows that the defendant otherwise understood the full significance of the waiver."  United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997); United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993).

_____

[1]Movant points out, correctly, that the district judge allowed him to appeal the enhancement for his role in the offense.  It does not follow, though, that movant has the right to raise the issue on collateral review.  At the time that the judge allowed appellate review of the enhancement issue, he clarified that the collateral review waiver "is, of course, final." Doc. 72 at 40.

[2]The government did not submit a transcript of the Rule 11 colloquy between the District Judge and movant.  The Court nevertheless finds that the sentencing hearing transcript, Doc. 72, indicates that movant understood sufficiently the significance of the collateral attack waiver.  Movant's reply brief in this case further indicates his understanding of the terms of his plea waiver.  Mov. Reply at 5.

3

The Court finds that the colloquy between the District Judge and movant at the sentencing hearing was sufficient to put movant on notice of the waiver of his right to file for post-conviction relief, and that movant's silence at the hearing indicated his assent to, and understanding of, the terms of his obligations under the plea agreement.  Accordingly, the Court finds that the plea agreement, the product of movant's arms-length negotiations with the government wherein movant received benefits[3] in exchange for his agreement to abandon his collateral attack rights, should be enforced.

In his reply to the government's response, movant contends that his plea agreement was "not intelligently entered" and is thus unenforceable.  Mov. Reply at 4.  Movant, however, fails to indicate exactly which part of the plea agreement he did not understand. He indicates that his counsel informed him "that the appeal waiver in the plea agreement merely prohibited [him] from appealing to the court saying [that he is] not guilty, after [he] had already plead [sic] guilty.  Or if [he] had a guideline range of 36-47 months, [he] could not appeal if the judge gave [him] 47 months saying [he] felt [he] should have gotten less." Id. at 5.  Movant's understanding of the terms of the appeal waiver appears to be consistent with the terms of the plea agreement. CR 103-15, doc. 51.

In each ground of his Section 2255 motion, movant challenges the terms of the sentence imposed by the District Judge.  Such challenges are foreclosed by the collateral attack waiver.  See, e.g., United States v. Bolen, 136 Fed. Appx. 325, 330 (11th Cir. 2005) (finding that Booker challenge covered under appeal and collateral attack waiver).

---

[3]The government's obligations under the plea agreement are set forth in paragraph one of the agreement.  Doc. 51 at 2-5.

## B. Continuance of Sentencing Hearing

Even if movant had not waived his right to file a Section 2255 motion, his contention that his counsel performed ineffectively in failing to move for a continuance of his sentencing hearing fails because the issue underlying the contention--his acceptance of responsibility under the Sentencing Guidelines--was raised on appeal and rejected by the Eleventh Circuit. Resp. Ex. A, B, C. Absent extraordinary circumstances, this Court is precluded from considering claims in a Section 2255 motion which were raised and rejected on direct appeal. Davis v. United States, 417 U.S. 333, 342 (1974); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994); Edwards v. United States, 795 F.2d 958, 961 (11th Cir. 1986); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981); United States v. Orejuela, 639 F.2d 1055, 1057 (3d Cir. 1981); United States v. Greer, 600 F.2d 468, 469 (5th Cir. 1979); Kastenbaum v. United States, 588 F.2d 138, 139 (5th Cir. 1979); Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978); Vernell v. United States, 559 F.2d 963, 964 (5th Cir. 1977); 3 Charles A. Wright, Federal Practice and Procedure § 593 n. 26 (2d ed. 1982). Movant argues that his counsel should have requested a continuance of his sentencing hearing in order to contest the acceptance of responsibility issue in his case. The acceptance of responsibility issue was challenged on appeal, and the Eleventh Circuit rejected the challenge. Resp. Ex. A, B, C. Movant cannot now re-litigate the issue in a post-conviction proceeding, and his claim should accordingly fail.

### C. Sentence Enhancement

Likewise, even if movant had not waived his right to collateral attack, his claim regarding the sentencing enhancement for his role in the offense conduct lacks merit. Movant claims that his counsel performed ineffectively in failing to challenge the sentence enhancement on appeal. To succeed in an ineffective assistance of counsel claim under Strickland v. Washington, 466 U.S. 668 (1984), a movant must show both that counsel's performance was ineffective and "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687.

With regard to the performance prong of Strickland, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Strategic trial decisions are entitled to a "heavy measure of deference." Strickland, 466 U.S. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion -- though the presumption is not insurmountable - - is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted . . . ." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack

of sufficient prejudice, which we expect will often be so, that course should be followed."
Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985). Under the prejudice prong of
Strickland, "[t]he defendant must show that there is a reasonable probability that, but for
counsel's unprofessional errors, the result of the proceeding would have been different. A
reasonable probability is a probability sufficient to undermine confidence in the outcome .
. . ." Id. at 616 (citing Strickland, 466 U.S. at 694-95).

At sentencing, movant received a two-level enhancement under United States
Sentencing Guidelines Section 3B1.1, which applies where a defendant is "an organizer,
leader, manager, or supervisor in any criminal activity." U.S.S.G. § 3B1.1(c). In considering
whether such an enhancement is appropriate, a district judge should consider

> the exercise of decision making authority, the nature of participation in the
> commission of the offense, the recruitment of accomplices, the claimed right
> to a larger share of the fruits of the crime, the degree of participation in
> planning and organizing the offense, the nature and scope of the illegal
> activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, cmt. n.4.

Testimony from movant's co-defendants at his sentencing hearing indicates that
movant was "fronting the show" in the offense conduct, a bank robbery. CR 103-15, doc.
72 at 15-16. The co-defendants characterized movant as the originator of the plan to rob the
bank and as the person "running the show" in the bank robbery. Id. at 16, 21. Movant, in
fact, conceded in his testimony that he developed the plan for the bank robbery and obtained
help from his co-defendants only because he needed transportation to execute the robbery.
Id. at 28-29. Based on the testimony of movant and his co-defendants at the hearing, the
District Judge found movant to be the "undisputed leader" of the bank robbery. Id. at 39-41.

7

Given the weight of the testimonial evidence supporting the sentencing enhancement in this case, including testimony from movant himself, the Court does not find either that movant's counsel performed ineffectively on appeal in not challenging the enhancement or that the outcome of movant's appeal might have been different if he had challenged the enhancement. Accordingly, movant should not obtain Section 2255 relief on this ground.

**D.     Sentencing Guidelines**

Finally, movant's claim regarding the mandatory nature of the District Judge's application of the Sentencing Guidelines lacks merit. As the Court noted in Section II.C, supra, movant admitted to the facts underlying his Guidelines calculation. The Eleventh Circuit has observed that no constitutional error occurs under Booker when a defendant admits to the facts underlying a sentence enhancement. United States v. Petho, 409 F.3d 1277, 1280 n.1 (11th Cir. 2005). Because movant conceded the facts leading to his Guidelines range calculation, no Booker error occurred.[4]

**III. CONCLUSION**

For the foregoing reasons, the Court finds that movant is not entitled to relief under Section 2255. The Court therefore recommends that the Section 2255 motion be **DENIED**.

SO REPORTED and RECOMMENDED this 17th day of May, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4]Movant also is procedurally barred from raising this claim on collateral review by his abandonment of the claim on direct review. See CR 103-15, doc. 88 at 2 (holding that movant's Booker claim fails because he did not timely raise the claim).