ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 JUL 18 PM 12:38

CLERK B McCarthy
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

TYSON EUGENE MARSHEK, *
Petitioner, *
v. * CV 106-22 (CR 103-015)
UNITED STATES OF AMERICA, *
Respondent. *

**O R D E R**

On May 17, 2006, the United States Magistrate Judge entered a Report and Recommendation, in which he recommends the denial of Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner has filed certain objections to the Report and Recommendation. Petitioner also appeals a decision of the Magistrate Judge, dated May 22, 2006, in which he denies Petitioner's motion for discovery and to expand the record. I will now address Petitioner's objections and his appeal of the May 22, 2006 Order.

At the outset, I note Petitioner's objection to a few factual inaccuracies in the Report and Recommendation. Indeed, the Report and Recommendation adopted certain dates in

the procedural history of the case which were inaccurately presented by the Government in its responsive brief. The adoption of these dates is a lamentable scrivener's error. Petitioner's argument that said error signifies that the Magistrate Judge's review of the issues before him was less than independent and thorough is an incredulous notion. Moreover, the undersigned has conducted a de novo review of the record and determined that the Report and Recommendation is correct in its ultimate legal conclusions and recommendations. Nevertheless, I will comment on certain aspects of this case herein.

In his § 2255 petition, Petitioner challenges the validity of his 72-month sentence. The grounds alleged by Petitioner include the following: (1) trial counsel was ineffective in failing to request a continuance of the sentencing hearing in order to allow him to present evidence to rebut allegations of misconduct added to the Presentence Investigation Report on the day of sentencing; (2) appellate counsel was ineffective in failing to appeal the imposition of a sentence enhancement for his role in the offense; and (3) the role in the offense sentence enhancement violates Booker.[1]

On May 20, 2003, Petitioner executed a negotiated plea agreement agreeing to enter a plea of guilty to one charge of

---

[1] United States v. Booker, 453 U.S. 220 (2005).

bank robbery (Count Two of the indictment) in exchange for the Government's promise to dismiss Count One of the indictment, a conspiracy charge. By way of consideration, the Government also received from Petitioner the following appeal waiver:

> Understanding that 18 U.S.C. § 3742 provides for an appeal by a defendant of the sentence under certain circumstances, the defendant as a part of this agreement and in consideration for the government's promises hereunder, expressly waives any and all rights conferred by that statute to appeal any sentence that is within the statutory maximums set out above.
>
> The defendant, as a part of this agreement and in consideration for the government's promises hereunder, also **expressly waives any and all rights to collateral post-conviction attack of the sentence imposed** or the voluntariness, providence, or factual basis of the guilty plea entered pursuant to this agreement.
>
> Notwithstanding these waivers, the defendant reserves the right to file a direct appeal **(but not a collateral attack)** of the sentence imposed (but not the voluntariness, providence, or factual basis of the defendant's entry of a guilty plea pursuant to this agreement), in the event the sentencing Court upwardly departs from the guideline range it finds as a matter of fact and law to be applicable to the defendant and the offense, whether that upward departure is made pursuant to U.S.S.G. § 4A1.3 (from criminal history) or U.S.S.G. § 5K2.0 (from offense level). The defendant understands and agrees that all other aspects of these waivers of appeal and collateral attack rights, and all guideline findings of fact and law by the sentencing Court, would remain in full force and effect notwithstanding the defendant's appeal of an upward departure.

(Plea Agreement, CR 103-015, doc. no. 51, at 5-6 (emphasis added.) I will refer to this waiver as a "sentence-appeal waiver." A voluntary and knowing sentence-appeal waiver of

collateral attack rights encompasses a challenge to a defendant's sentence in a § 2255 proceeding. See Williams v. United States, 396 F.3d 1340 (11th Cir. 2005).

A valid sentence-appeal waiver does not allow for appeal of a sentence on the ground that the sentence was imposed in violation of Booker principles. United States v. Frye, 402 F.3d 1123 (11th Cir. 2005); United States v. Grinard-Henry, 399 F.3d 1294 (11th Cir. 2005). Accordingly, Petitioner's challenge to his sentence on Booker grounds has been waived.

Further, a valid sentence-appeal waiver does not allow for claims of ineffective assistance of counsel, unless the ineffective assistance claims relate directly to the negotiation of the waiver itself. Williams, 396 F.3d at 1342. Accordingly, assuming the sentence-appeal waiver is valid, Petitioner's two claims of ineffective assistance of counsel are also precluded.

Facing the sentence-appeal waiver, Petitioner makes several arguments to avoid its application. First, Petitioner asserts that his appeal waiver was not valid because it was not knowingly made.[2] He contends that he was led to believe

---

[2] Petitioner objects to the Magistrate Judge's characterization of this argument as a contention that the plea agreement "was not intelligently entered into." Contrary to Petitioner's statement that he **"at no time"** stated that his plea agreement was not "intelligently entered into," Petitioner states exactly this in the first sentence of the first full paragraph on page four of his "Traverse" (doc. no. 11).

during plea negotiations that he could still challenge his sentence if he found it to be the product of ineffective assistance of counsel or an incorrect application of the guidelines. To this end, Petitioner seeks additional discovery to include a cassette tape of a May 28, 2003 *in camera* hearing, correspondence between his counsel and the United States Attorney's Office, and the audio recording of the sentencing hearing.

It must first be emphasized that the collateral attack waiver is unambiguous. The plain language of the plea agreement informs Petitioner that he was waiving any collateral attack on his sentence *without exception*. That is, while there is a specific exception to the direct appeal waiver, namely should there be an upward departure from the guideline range, no exception is stated for the collateral attack waiver. The Court cannot accept any evidence that would modify or vary the plain and express language of the plea agreement which waives any and all collateral attack rights. Accordingly, any discovery related to the meaning of the sentence-appeal waiver would be immaterial.[3] The Court

---

[3] Of note, I have listened to the sealed audio cassette recording of the *in camera* hearing on May 28, 2003, before the Magistrate Judge. This hearing was held in response to the May 20, 2003 letter to the Court by Petitioner in which he complained about his counsel's "keen lack of interest" in the plea negotiations. (CR 103-015, doc. no. 46.) Sometime between the writing of the letter and the hearing, Petitioner

hereby **AFFIRMS** the Magistrate Judge's Order of May 22, 2006, denying discovery.

Moreover, while the transcript of the Fed. R. Crim. P. 11 colloquy between the undersigned and Petitioner is not of record, it is my practice to summarize the plea agreement to include any appeal waiver and to question the defendant concerning his awareness and understanding of the plea agreement. I also receive assurances from the defendant that the plea agreement is knowing and voluntary. Had Petitioner indicated any hesitation or misunderstanding of the sentence-appeal waiver, I would not have accepted the plea agreement.

Finally, during the sentencing hearing, I relieved Petitioner of his sentence-appeal waiver with respect to direct appeal rights on specific issues, namely the acceptance of responsibility and role in the offense issues. (Sentencing

---

was able to speak with the Assistant United States Attorney face to face and discuss the plea agreement. The plea agreement was executed prior to the May 28, 2003 hearing. At the time of the hearing, the Magistrate Judge inquired of Petitioner, outside the presence of counsel, about whether he had any remaining concerns. Petitioner's only response was that he remained concerned about a pending state warrant that was not addressed by the Assistant United States Attorney. In fact, Petitioner characterized the Assistant United States Attorney as "playing hard ball." He definitely stated that the executed plea agreement was the best deal he could get and that he entered into it knowingly and voluntarily. Absolutely no mention was made of the sentence-appeal waiver. Thus, the May 28, 2003 audio recording would not provide any evidence respecting the issues in this case except that it supports the Court's conclusion that the sentence-appeal waiver was knowing and voluntary.

Hrg. Tr., CR 103-015, doc. no. 72, at 45-47.) In doing so, I reiterated that "the waiver of collateral attack is, of course, final." (Id.) Petitioner did not object or interject any comment on his appeal rights at this point.[4] (Id.)

For these reasons, I find that Petitioner's contention that he did not knowingly enter into the plea agreement to be without merit.

Next, Petitioner argues that even if the sentence-appeal waiver is valid, his grounds for relief fall outside the scope of the waiver such that they must be addressed. For instance, pointing to the failure of counsel to request a continuance, Petitioner claims that he is actually attacking his sentence on due process grounds because he was sentenced on false and misleading information, namely the allegations of misbehavior.

As explained previously, the sentence-appeal waiver expressly waives any type of collateral attack on the sentence. That is to say, because of the sentence-appeal waiver, the Court cannot consider Petitioner's arguments that he was sentenced on the basis of materially false information. As the Eleventh Circuit has stated, a valid sentence-appeal

[4] Petitioner argues that he could hardly be expected to interject any comment on his appeal rights at this point in time, having just received a 72-month sentence. Yet, the "shock" of his sentence did not prevent Petitioner from immediately and personally addressing the Court to ask about the facility in which he would be incarcerated. (Sentencing Hrg. Tr., CR 103-015, doc. no. 72, at 45-47.)

waiver includes "a waiver of the right to appeal difficult or debatable legal issues -- indeed, it includes a waiver of the right to appeal blatant error." United States v. Rubbo, 396 F.3d 1330, 1331 (11th Cir. 2005).

Moreover, as the Sixth Circuit has explained, if the claim underlying an ineffective assistance of counsel claim is waived by a defendant's plea agreement, then the ineffective assistance of counsel claim is also waived. See United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998) (finding that although "dress[ed] up" as a Sixth Amendment claim, defendant really is challenging the correctness of his sentence under the guidelines and, therefore, is barred by the plain language of the his plea agreement; to allow his claim would be to "render[] meaningless" such plea agreement waivers). In the instant case, instead of claiming directly that the Court should have granted him a reduction based upon his acceptance of responsibility, Petitioner claims that his attorney was ineffective in failing to request a continuance at sentencing. The net result is the same; Petitioner is attacking his sentence in that the ultimate conclusion he wishes the Court to reach is that his sentence is improper because of the failure to grant him credit for acceptance of responsibility.

Upon the foregoing, Petitioner's argument that his § 2255 grounds somehow fall outside the scope of the total waiver of

collateral attack rights is manifestly without merit.

Finally, the Court notes that Petitioner's contention that his appellate counsel was ineffective in failing to raise the role in the offense enhancement issue on appeal may be outside the scope of the waiver. In one sense, this contention is simply another attack on the validity of the sentence such that the sentence-appeal waiver precludes it. Yet, under the circumstances of this particular case, namely that this particular ground for appeal was reinstated to Petitioner at sentencing by the undersigned, I will address this claim of ineffective assistance of counsel.

In order to obtain habeas relief on the ground that his counsel rendered ineffective assistance, Petitioner must show that his counsel's representation was deficient and that the deficient performance prejudiced the defendant, i.e., there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. E.g., Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Applying this standard to the instant case, if Petitioner can show that the omitted claim would have had a reasonable probability of success on appeal, then the omission of such claim resulted in prejudice. See Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997). Non-meritorious claims which are not raised on direct appeal do not constitute ineffective

assistance of counsel. Diaz v. Sec'y for Dep't of Corrections, 402 F.3d 1136, 1144-45 (11th Cir. 2005).

In this case, Petitioner wished to appeal the Court's two-level enhancement of the guidelines calculation pursuant to U.S.S.G. § 3B1.1(c) for his leadership role in the bank robbery. As discussed by the Magistrate Judge, this Court rightfully relied upon Petitioner's co-defendants at his sentencing hearing who testified that Petitioner "front[ed] the show" in the bank robbery. (Sentencing Hrg. Tr., CR 103-015, doc. no. 72, at 15-16. The co-defendants characterized Petitioner as the originator of the plan to rob the bank and as the person "running the show." (Id. at 16, 21.) Based upon this testimony, the Court of Appeals could not reasonably determine that I abused my discretion in finding Petitioner to be the "undisputed leader" of the bank robbery. (See id. at 39-41.) Given the evidentiary support for the sentence enhancement, had Petitioner appealed this issue, it did not have a reasonable probability of success. Accordingly, his appellate counsel was not ineffective in failing to raise the issue on appeal.

In conclusion, for this Court to entertain the sentencing issues in this § 2255 motion would be to allow Petitioner to attack his sentence in contravention of the plain meaning of his plea agreement and to deny the Government the benefit for

which it bargained. In short, I find that sentence-appeal waiver with respect any collateral attack on the validity of Petitioner's sentence to be unassailable. I therefore will **ADOPT** the Report and Recommendation as the opinion of the Court as modified herein and excepting any noted scrivener's errors. Any objections not specifically addressed hereinabove have been deemed to be without merit, and all objections are hereby **OVERRULED**. Petitioner's § 2255 motion is **DENIED**. The Clerk is directed to **CLOSE** this case and **ENTER FINAL JUDGMENT** in favor of Respondent.

**ORDER ENTERED** at Augusta, Georgia, this 18th day of July, 2006.

UNITED STATES DISTRICT JUDGE